Nelson, D. J.
This suit is brought to recover from the defendant $2,728.49, with interest from October 1, 1878.
The trial is before the court without a jury, and the following are the facts:
The plaintiffs, citizens of the kingdom of Norway, are bankers, doing business at Christiania. The firm of Wilson & Jurgens, bankers in the city of La Crosse, Wisconsin, and the correspondents of the plaintiffs, sent to them a printed list of their correspondents in this country, among whom was the defendant, and authorized the plaintiffs to draw drafts on them, to be paid on account of Wilson & Jurgens.
The plaintiffs drew a draft as follows:
“For $2,724.87, gold. Christiania, 16th August, 1878.
“Three days after sight pay this first of exchange, (second unpaid), to the order of Mr. Ole Mikkelsen, two thousand seven hundred twenty-four dollars eighty-seven cents, gold, *123 value received, and place it to account W. & J., without or as per advice from.
“N. A. Andressen & Go.

“To the First National Bank, Norihfield, Minn.

“In need, with Messrs. Wilson & Jurgens, La Crosse."

The First National Bank, Northfield, had no funds of the plaintiffs, and was unknown to them, except as included among the correspondents of Wilson & Jurgens.
Ole Mikkelsen, the payee in the draft, presented it to the drawee September 7, 1878, and an officer of the bank said it was all right, received it, paid $24 upon it, issued a certificate of deposit to the payee for the balance, and made the following entries in the bank books:

Debit. Credit.

September 7, 1878. Certificate of deposit favor of Ole Mikkelsen, Mo. — , - $2700 00
“ “ “ Cash paid, - - 24 87
ii ii ii Wilson & Jurgens, draft for- • warded for collection, $2724 87
September 9, 1878. Draft was intercepted and handed to Batavia Bank, La Crosse, for protest.
September 10,1878. Certificate of deposit withdrawn and cancelled, and receipt given for collection.
W. & J. draft returned,” $2724 87
Certificate deposited, account cancelled, - - $2700 00
Bills receivable, Mikkelsen note, - - - 24 87
The draft was sent to Wilson & Jurgens by the First National Bank, with a request to send gold draft on New York for amount, andón discovery of Wilson & Jurgens’ bankruptcy it was subsequently intercepted at La Grosse, and the Batavia Bank, having no interest in it, caused it to be protested at the instance of the First National Bank of North-field.
The plaintiffs had ample means, some $4,500, on deposit with Wilson & Jurgens when this draft was drawn. On August 29,1878, Wilson & Jurgens were adjudged bankrupts. Their assets were in the hands of an assignee at the time the draft was presented for payment by the Batavia Bank.
*124 The draft was returned to Andressen & Go., with the protest, and the following letter from Ole Mikkelsen:
“Northfield, Sept. 18,1878.

“Messrs. N. A. Andressen & Co., Christiania:

“Dear Sirs: The draft,. $2,724.87, I bought from you on the sixteenth of August, has been protested on the ground that Messrs. Wilson & Jurgens, of La Crosse, became insolvent. I return this to you through the Dirst National Bank of this city, and Messrs. Knauth, Machod & Kuhne, of New York, for collection.
“I have bargained for a farm here, and hope there will be no delay in collecting the amount of the draft.
“Yours, etc.,
“Ole Mikkelsen.”
The plaintiffs, believing that the defendant had not paid the draft as it asserted, and that Wilson & Jurgens had not been able to pay, on account of insolvency, when returned to them, paid it.
On discovering from a correspondence with the assignee in bankruptcy and others the facts, suit is brought to recover from defendant the amount paid.
CONCLUSIONS.
The draft on its face indicated that it was drawn for the account of Wilson & Jurgens, and if not paid for any reason by the drawee, the holder could apply to Wilson & Jurgens for payment.
Defendant was not authorized to pay for the account of the drawers.
The directions being clear the defendant could not pay the draft and charge the drawers.
The facts proved establish an acceptance of the draft, charging Wilson & Jurgens with the amount; issuing to the payee, with his consent, a certificate of deposit for all but a small portion, which was paid in money. This was a payment as to the drawers, and when thus made cannot be revoked by the drawee so as to charge them.
*125 Any act which clearly indicates an intention to comply with the request of the drawer will constitute an acceptance, and when the draft is received, and the proceeds credited to the payee, who presents it, the drawee cannot, by a subsequent arrangement with him, cancel the payment, and hold the drawer.
It is true, a certificate of deposit is not in law an extinguishment of a debt or payment, unless there was an agreement to so accept it.
In this case the evidence shows that Mikkelsen authorized the deposit of the balance of the proceeds of the draft not paid to him in cash to his credit, for his benefit. The uncontradicted evidence of Mikkelsen is: “I presented the draft and they said it was all right. They asked if I wanted it right away. They paid $2é or $25, and gave me a note for the money I left.” Had the First National Bank failed immediately- after this certificate was issued and received by Mikkelsen, the loss would have been his; so that, even as between Mikkelsen and the bank, the certificate, whatever its form as to time when due, was a payment of the draft.
The subsequent payment by the plaintiffs on the return of the draft, protested, was made without full information of all the facts, and the effect of the letter of Mikkelsen was to mislead them. A payment thus made is not voluntary, and the amount can be recovered.
Judgment for plaintiffs.